IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARIO SCOTT                                                                    PETITIONER
ADC #122073

VS.                          CASE NO.: 5:12CV00252 BD

RAY HOBBS, Director,
Arkansas Department of Correction                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner Mario Scott, an inmate in the Arkansas Department of Correction

("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry

#2), challenging his conviction in the Circuit Court of Jefferson County, Arkansas.

Respondent Ray Hobbs has responded to the petition.  (#10)  For the following reasons,

Mr. Scott's petition is DENIED and DISMISSED.

I.    **Background**

On March 15, 2010, Mr. Scott pleaded guilty to first-degree murder.  As a result of

the conviction, Mr. Scott received a 25-year sentence in the ADC.  He did not appeal his

conviction or sentence.  (#2)

On June 11, 2010, Mr. Scott filed a Rule 37 petition for post-conviction relief with

the trial court.  The trial court denied the petition without a hearing on December 1,

2010.[1]  Mr. Scott appealed the denial of his post-conviction petition, and the Arkansas

Supreme Court affirmed on April 12, 2012.  *Scott v. State*, 2012 Ark. 159.

Mr. Scott filed the current petition on July 12, 2012, alleging that his trial counsel

provided ineffective assistance, and that the trial court lacked jurisdiction.  (#2)  In

response to the petition, Director Hobbs denies that Mr. Scott is entitled to habeas relief.

(#10)

II.    **Discussion**

A.    *Standard of Review*

Federal courts provide limited review of claims adjudicated in state court.  "When

a claim has been adjudicated on the merits in state court, habeas relief is warranted only if

the state court proceeding resulted in: (1) a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court; or (2) a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding."  *Bucklew v.*

*Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2));

see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is deemed contrary to federal law only where the state court

"arrives at a conclusion opposite to that reached by the [United States Supreme] Court on

a question of law or if the state court decides a case differently than the [United States

---

[1] Director Hobbs states that the trial court denied Mr. Scott's post-conviction
petition on November 18, 2010.

Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an unreasonable application of federal law only "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  It is not enough that a federal court might have applied federal law in a manner different from the state court.  Rather, the state court's application must have been objectively unreasonable.  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error.  Those findings may be set aside only if they are not fairly supported by the record.  *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

B.      *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial. "That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In order to prevail on a habeas corpus claim based on ineffective assistance of counsel, a petitioner must show:  (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability that the outcome of the trial would have been different but for the substandard performance of trial counsel.  See *Strickland,* 466 U.S. at 687-94.  Furthermore, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

To show prejudice in this case, Mr. Scott would have to demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).  Mr. Scott has failed to show either deficient performance or resulting prejudice.

Mr. Scott alleges his trial counsel failed to investigate the case.  Without this alleged failure, he argues, his counsel would have discovered that three of the States's four witnesses had pending felony charges.  (#3 at p. 2-3)  Lenient disposition of pending charges in exchange for testimony is quite common in criminal proceedings.  The issue goes to the credibility of the witnesses.  Here, Mr. Scott chose not to test the credibility of the witnesses by pleading guilty.

4

Mr. Scott alleges trial counsel failed to investigate, prepare, and call known witnesses.  Mr. Scott fails to identify the witnesses, however, or to state what information they had – or even to speculate as to what difference the witnesses would have made.  Mr. Scott, after all, pleaded guilty, so he did not exercise his right to call witnesses on his behalf to determine guilt.  His conclusory allegations regarding his trial counsel's investigation, without more, cannot provide the basis for granting relief.

Mr. Scott states that there was no body, DNA, or physical evidence linking him to the murder.  And the prosecutor essentially acknowledged this during the plea hearing.  The prosecutor stated, however, that Mr. Scott had beaten the victim to death in front of several witnesses, burned the victim's body until there was nothing left, then dumped the ashes into a creek or river.  (#10 at p. 8; #13-1 at p. 36-38)  It seems apparent from this statement that if the case had gone to trial, the prosecution would have had to rely on the testimony of witnesses.  Yet, Mr. Scott still entered a guilty plea.

Mr. Scott faults his counsel's alleged failure to challenge having his sentence run consecutive to the sentence he was already serving.  Mr. Scott admits that he knew the plea deal included a 25-year sentence that would run consecutive to his then-current sentence.  (#3 at p. 3)  The trial court clearly explained the consecutive nature of the proposed sentence to Mr. Scott before he entered a guilty plea.  (#10 at p. 7; #13-1 at p. 32)  Mr. Scott stated that he understood and agreed to the sentence.  (#10 at p. 7-8; #13-1 at p. 32-36)  In his habeas corpus petition, Mr. Scott faults his counsel for failing to challenge the sentence Mr. Scott agreed to.  He also alleges that he challenged the

consecutive sentence in chambers, off the record, but that the trial court coerced him to accept the terms of the plea on the record.  The trial court specifically asked Mr. Scott if anyone had pressured him to agree to the sentence.  He said, "No."  (#10 at p. 7-8; #13-1 at p. 33-35)

Mr. Scott alleges that he lacked confidence in his counsel and feared going to trial. (#3 at p. 3)  All of Mr. Scott's allegations lack support.  He has not identified any material evidence, witness, trial strategy, or defense that his allegedly unprepared counsel failed to raise or discover.

The Arkansas Supreme Court reasonably addressed Mr. Scott's ineffective-assistance-of-counsel claims, applying the standard set forth in *Strickland* and *Hill*.[2]  *Scott v. State*, 2012 Ark. 159.  The Court found that Mr. Scott had not established prejudice resulting from his counsel's allegedly deficient performance.  *Id*.

The Arkansas Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law.  Further, the Arkansas Supreme Court's decision was not based on an unreasonable determination of the facts in the light of the evidence presented.

Mr. Scott faced a capital murder charge as a habitual offender for beating his girlfriend to death in front of several witnesses.  He ended up accepting a plea deal for a

---

[2] The Arkansas Supreme Court cited *Strickland*, but did not cite *Hill*.  Instead, the Court applied the *Hill* standard as set forth in Arkansas case law.  *Id*. (citing *Cummings v. State*, 2011 Ark. 410 (per curiam).

25-year sentence.  Even if his counsel had erred, there is nothing in the record to show

that Mr. Scott would not have pleaded guilty and would have insisted on going to trial but

for counsel's deficient performance.

      C.    *Lack of Jurisdiction*

      Mr. Scott also claims that the trial court lost subject matter jurisdiction when it

allegedly failed to establish the factual and legal basis of his guilty plea.  (#3 at p. 9-13)

The Arkansas Supreme Court declined to address this claim.  Regardless, Mr. Scott is not

entitled to habeas relief.

      The trial court provided the legal basis for the capital murder charge during the

plea hearing.  (#10 at p. 6; #13-1 at p. 24-25)  In addition, the prosecutor provided the

legal basis of the first-degree murder charge – that Mr. Scott beat the victim with the

purpose of causing her death.  The prosecutor also provided the factual basis of the

charge.  (#10 at p. 8; #13-1 at p. 36-38)

      Even if the trial court and prosecutor had not established a factual basis for Mr.

Scott's charge, he would not be entitled to habeas relief.  A sentencing judge is not

constitutionally required to develop a factual basis for a guilty plea.  *Wabasha v. Solem*,

694 F.2d 155, 157-159 (8th Cir. 1982)(citing *Santobello v. New York*, 404 U.S. 257,

261-62, 92 S.Ct. 495, 498 (1971); *McCarthy v. United States*, 394 U.S. 459, 464, 89 S.Ct.

1166, 1169-70 (1969)).  An express admission of guilt is not constitutionally required

either.  *Wabasha*, 649 F.2d at 157 (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91

S.Ct. 160, 167 (1970).  Establishing a factual basis is constitutionally required only where the guilty plea is accompanied by claims of innocence, which was not the case here.

## III.   Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Scott has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Scott has not provided a basis for issuing a certificate of appealability.  Accordingly, a certificate of appealability is denied.

## IV.   Conclusion

Mr. Scott's claims lack merit.  Because there are no available, non-futile state judicial remedies available to Mr. Scott, his petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 28th day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE